IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| MARY MCGLUN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) JUDGE RONALD GUZMAN |
| v. | ) Case No. |
| | ) |
| NATIONAL FINANCIAL SYSTEMS INC., | ) **03C 9155** |
| JOHN BOOK, RAY BERG, SHAWN | ) |
| COLLINS, CITIBANK SERVICE | ) |
| CORPORATION d/b/a CITI CARDS, and | ) JURY DEMANDED |
| J. WALTER, | ) |
| | ) |
| Defendants. | ) DOCKETED |

DEC 2 2 2003   MAGISTRATE JUDGE
GERALDINE SOAT BROWN

## COMPLAINT

Plaintiff, Mary McGlun ("Ms. McGlun"), by and through her attorneys, Christopher Langone, Craig Frisch, and Jeffrey Naffziger of The Langone Law Firm, complains against Defendants, National Financial Systems, Inc., ("National Financial"), John Book ("Mr. Book"), Ray Berg ("Mr. Berg"), Shawn Collins ("Mr. Collins), Citibank Service Corporation d/b/a Citi Cards ("Citi Cards"), and J. Walter as follows:

### *Introduction*

1. This action seeks redress for the illegal practices of Defendant in connection with the collection of debts in violation of the Fair Debt Collection Practices Act, ("FDCPA") and Illinois Consumer Fraud Act, ("CFA").

### *Jurisdiction and Venue*

2. Federal question jurisdiction exists under 28 U.S.C. § 1331 because this case arises under the Fair Debt Collection Practices Act.

1-1

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the acts and transactions that give rise to this cause occurred, in substantial part, in this district.

*Parties*

4. Plaintiff, Mary McGlun, is a citizen of Illinois. She is a "consumer" as that term is defined by section 1692a(3) of the FDCPA.

5. Defendant, National Financial Systems, Inc., regularly engages in the collection of alleged debts owed by consumers. It is, therefore, a debt collector as that term is defined by section 1692a(6) of the FDCPA.

6. Defendants John Booker, Ray Berg, and Shawn Collins are all debt-collector and/or managerial employees of Defendant National Financial. As such, these Defendants were and are at all times relevant to the events alleged herein responsible for devising and overseeing the procedures utilized by Defendant National Financial, including but not limited to procedures concerning the collection of debts and/or directly interacted with Plaintiff in collecting debts. As more fully alleged herein, Plaintiff was damaged as a direct result of procedures designed and implemented by these Defendants acting in their above described capacities. These Defendants directed, authorized and/or ratified the acts that caused injury to Plaintiff as alleged herein.

7. Defendant J. Walter is the vice president of Citi Cards. As such, this Defendant were and are at all times relevant to the events alleged herein responsible for devising and overseeing the procedures utilized by Citi Cards, including but not limited to procedures concerning the agreement and payments of debts. Walter wrote Plaintiff a letter, purportedly signed by him, in which he agreed to modify Plaintiff's account.

### *Facts*

8. In October 2002, Ms McGlun made an agreement with Citi cards to pay $20.00 a month to satisfy her debt.. *See* Exhibit A This letter was signed by Walter and she made the payments requested in the letter as consideration for the deferment arrangement.

9. On or about December 19, 2002, Ms. McGlun received a message from John Book at National Financial Systems, Inc.

10. Ms. McGlun returned the call and spoke with Mr. Book.

11. She gave him her name, and he began to speak with her about a 1995 debt she allegedly had with Universal Card Master.

12. Mr. Book stated, "You balance is not bad since others have thousands but your's is only $794.87. That's not bad. Well your account has been sold to us and we are demanding full payment. Now do you have this amount?"

13. Ms. McGlun replied, "No, I don't and how could they turn me over to you when I am paying $20.00 a month upon their agreement? I have a letter from them."

14. Mr. Book stated, "I don't care what you have, this money is due and if you don't pay we'll send the Sheriff after you or garnish your check!"

15. Ms. McGlun replied, "Why are you doing this? I am making payments."

16. Mr. Book stated, "Oh Yeah? Last payment received was on November 19th, but that's not what they want!"

17. Ms McGlun replied, "But why did they send me to you if I'm making payments that they agreed on. If you give me a fax number or an address I can send you the letter."

18. Mr. Book stated, "I'm not giving you anything! So you're not going to pay?"

19. Ms. McGlun replied, "I don't have that kind of money."

20. Mr. Book stated, "Well do you have $294.00 to put on the bill?"

21. Ms. McGlun replied, "No, I don't."

22. Mr. Book stated, "Well you have until the 31st of the month to give us $294.00 or pay off this debt. If not we will charge you with the highest interest and fees!"

23. Ms. McGlun replied, "That doesn't make since, I have paid this bill down to $794.00 and you talking about charging me interest, taking it back up to $1,000.00. This is not right! Why don't you give me a fax number or address?"

24. Mr. Book stated, "I don't have to do nothing. So you don't have the $294.00?"

25. Ms. McGlun replied, "No, I don't!"

26. Mr. Book exclaimed, "You will be hearing from us!"

27. Mr. Book then hung up the phone.

28. At that time Ms. McGlun's head began to hurt and she started to feel numbness on the left side of her face. In the year 2000, Ms. McGlun had suffered from a stroke and was advised by her doctors to avoid any unnecessary stress.

29. She sat for awhile, calmed herself down and tried to relax.

30. Afterwards, Ms. McGlun decided to call back and try to reach a supervisor.

31. Ms. McGlun spoke with a supervisor named Ray Berg at extension 348.

32. Ms. McGlun started to explain her situation but Berg interrupted her.

33. On information and belief John Booker told him what happened because he recognized her

name.

34. Mr. Berg stated, "Universal is not satisfied with those payments. The account was sold to us and if you don't have the payment within 24 hours we will start garnishment!"

35. Mr. Berg then hung up the phone.

36. On or about December 26, 2002, Ms. McGlun called Citi Card group, the holder of the card.

37. Ms. McGlun spoke to a representative named Ms. Drake.

38. Ms. Drake stated, "This debt is turned over to National Financial Systems and there's nothing we could do."

39. Ms. McGlun tried to explain to her they sent a letter confirming and agreeing to a payment plan of $20.00 a month. Ms. Drake did not want to hear this.

40. Sometime later, Ms. McGlun received another message on her voicemail from Shawn Collins at National Financial.

41. Ms. McGlun spoke to Shawn Collins and he asked that she pay them $240.00 to freeze the interest and $150.00 payments until paid off.

42. Mr. Collins threatened and harassed Ms. McGlun during their entire conversation.

43. He also demanded payment by the end of the month or they will start charging interest and fees.

## COUNT I
### *Violation of Sections 1692(d), 1692(e), and 1692(f) of the FDCPA Against National Financial, John Book, Ray Berg, and Shawn Collins*

44. Plaintiff realleges and reincorporates paragraphs 1-43 into this count.

45. The FDCPA prohibits unfair practices, harassment, abuse, and false or misleading representations.

46. Defendants committed an unfair practice when it disregarded the agreement made in writing between Plaintiff and Citi Cards.

47. Defendants used false, deceptive, and misleading statements when Defendants told Plaintiff it would send the Sheriffs after her and would start garnishment on her check.

48. Defendants harassed and abused Plaintiff during the course of all conversations and when Shawn Collins left a message on Plaintiff's voicemail after she made them aware of an agreement in writing with Citi Cards.

49. Defendants violated sections 1692(d), 1692(e), and 1692(f).

WHEREFORE, Plaintiff, Mary McGlun, asks that the Court enter judgment in her favor and against Defendants, National Financial Systems, Inc., John Book, Ray Berg, and Shawn Collins, as follows:

    (A)    Actual damages and the maximum amount of statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (B)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (C)    Any other relief that this Court deems appropriate and just under the circumstances.

## COUNT II
*Violation of Sections 1692(g) of the FDCPA Against National Financial, John Book, Ray Berg, and Shawn Collins for failing to provide notice of debt to Plaintiff*

50. Plaintiff realleges and reincorporates paragraphs 1-43 into this count.

51. Defendant failed to provide Plaintiff with notice of the debt within five days of initially communicating with Plaintiff.

52. Defendants initially communicated with Plaintiff when it left messages on her voicemail.

53. The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.

54. Defendant never sent Plaintiff the notice required Section 1692(g).

55. Consequently, Defendant violated the FDCPA.

WHEREFORE, Plaintiff, Mary McGlun, asks that the Court enter judgment in her favor and against Defendants, National Financial Systems, Inc., John Book, Ray Berg, and Shawn Collins, as follows:

(A) The maximum amount of statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(B) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(C) Any other relief that this Court deems appropriate and just under the circumstances.

## COUNT III
*Breach of Contract Against Defendants Citi Cards*

56. Plaintiff realleges and reincorporates paragraphs 1-43 into this count.

57. On October 31, 2002, Citi Cards by and through its Vice-President, J. Walter, and

Ms. McGlun agreed to a payment plan of $20.00 a month.

58. Nevertheless, after making this agreement, which was confirmed by a signed letter from Mr. Walter, Defendants nevertheless sent Plaintiff's debt to a collection agency.

59. Defendants breached its contract by sending Plaintiff's debt to the collection agency to commence a collection action against Plaintiff in the absence of a default.

WHEREFORE, Plaintiff, Mary McGlun, asks that the Court enter judgment in her favor and against Defendants, Citi Cards, as follows:

(A) Actual damages in an amount to be determined at trial;

(B) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(C) Any other relief that this Court deems appropriate and just under the circumstances.

### COUNT IV
*Violation of Illinois Consumer Fraud Act Against Defendants Citi Cards and J. Walter*

60. Plaintiff realleges and reincorporates paragraphs 1-43 into this count.

61. Defendants Citi Cards and J. Walter intentionally made a fraudulent and deceptive agreement with Plaintiff in which they had no intentions of honoring. Walter deceived Plaintiff into thinking that he had approved a $20 per month repayment plan, and permitted a letter to be sent under his facsimile or actual signature that was deceptive.

62. Plaintiff did not breach the agreement and was not in default.

63. There was no reason Defendants should have referred her account to a collection agency in absence of a default.

64. On information and belief Defendants circulate form letters and never honor the agreements reached with consumers.

64. Citi Cards and J. Walter's conduct caused public injury and had public injury impact, including likelihood of repetition. *See* Exhibit B

WHEREFORE, Plaintiff, Mary McGlun, asks that the Court enter judgment in her favor and against Defendants, Citi Cards and J. Walter, as follows:

(A) Actual and punitive damages in an amount to be proven at trial;

(B) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(C) Any other relief that this Court deems appropriate and just under the circumstances.

## COUNT V
### *Intentional Infliction of Emotional Distress Against Defendants*

60. Plaintiff realleges and reincorporates paragraphs 1-43 into this count.

61. National Financial by and through its employees, John Book, Ray Berg, and Shawn Collins' acted in a manner that was extreme and outrageous and transcended all bounds of decency.

62. Defendants threatened arrest by the Sheriff and immediate garnishment of Plaintiff's wages.

63. Defendants disregarded an agreement made between Citi Cards and Plaintiff when they made numerous attempts to collect the balance owed.

64. Defendants used extreme methods of collection and intimidation on more than two occasions.

65.　Defendants' threats and conduct was improperly motivated, intentional, and reckless.

66.　Defendants' conduct and repeated harassment placed Plaintiff in risk of having a stroke.

WHEREFORE, Plaintiff, Mary McGlun, asks that the Court enter judgment in her favor and against Defendants, Citi Cards and J. Walter, as follows:

(A)　Actual and punitive damages in an amount to be proven at trial;

(B)　Attorney fees, litigation expenses and costs incurred in bringing this action; and

(C)　Any other relief that this Court deems appropriate and just under the circumstances.

Respectfully submitted,
Mary McGlun, Plaintiff

By: _____
One of Her Attorneys

Christopher Langone
Craig Frisch
Jeffrey Naffziger
Langone Law Firm
25 E. Washington, Suite 1805
Chicago, IL 60602
(312) 782-2000

# Exhibit A

01/06/2003 09:01 FAX 312 765 1(   HARRIS BANK   ☒005



CITI CARDS
P.O. BOX 91778
ALBUQUERQUE, NM 87199-1778

October 31, 2002

21904  000813
MARY V MCGLUN
424 W DIVERSEY
CHICAGO IL 60614-6160

MASTERCARD
ACCOUNT NUMBER
5398430023411281

Dear MARY V MCGLUN:

We have received a proposal to amend your existing card agreement from your debt-counseling agency. Your terms will be revised as follows.

- Each monthly installment will represent the greater of 1/48 of the balance owing or $20 based on a present balance of $794.87

- Annual Percentage Rate for finance charges imposed on the unpaid balance will be reduced to 9.9%

- (Late payment fees will not be imposed during the time this amendment is in effect)

The amended terms will not go into effect unless the first installment payment is paid within thirty (30) days from the date of this letter. We must receive at least the installment payment by the payment due date for the amended terms to remain in effect. If two consecutive installments are received after the due date, the terms of this amendment will be revoked and the preexisting terms of the card agreement shall be reinstated. Please be aware if the agreement is broken, immediate payment of the total outstanding balance maybe required.

These terms will apply regardless of whether you, or your agency, make the payments.

Sincerely,

J. Walter
Vice President

Federal regulations require us to print the following statements:

The purpose of this communication is to collect a debt and all information obtained will be used for that purpose.

The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided that the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning Citibank (South Dakota), N.A. is the Office of the Comptroller of the Currency, Customer Assistance Unit, 1301 McKinney Ave., Suite 3710, Houston, TX 77010.

Information for Massachusetts Residents:

You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation to our office.

Information for Colorado Residents:

If you notify us in writing to cease contacting you by telephone at your place of employment, no further contact shall be made. If you refuse to pay the debt or you want us to cease further communication and you so advise us in writing, we shall not communicate further with you except: (1) to advise you we intend to invoke specified remedies permitted by law or that we may invoke specified remedies which we ordinarily invoke, or (2) to advise you our efforts are being terminated.

# Exhibit B



**Federal Trade Commission**
600 Pennsylvania Avenue, NW
Washington, DC 20580

For Release: December 2, 1999

## National Financial Systems Agrees to Pay $20,000 Civil Penalty to Settle Charges of Violating Fair Debt Collection Practices Act

National Financial Systems, Inc. (NFS), based in Westbury, New York, has agreed to pay a $20,000 civil penalty as part of a settlement with the Federal Trade Commission to resolve allegations that it violated the Fair Debt Collection Practices Act (FDCPA) when attempting to collect debts on behalf of clients. According to the FTC, the company's debt collectors harassed consumers, made false and misleading representations and made impermissible third-party contacts regarding consumers' debts. In addition to the civil penalty, the proposed consent decree includes broad prohibitions on future FDCPA violations and would require NFS to inform consumers it contacts in writing that they may stop the company from contacting them about the debt.

The FDCPA prohibits abusive, deceptive and unfair debt collection practices. For example, in an effort to collect a debt, collectors may not make false statements, use obscene or profane language, threaten to take legal action they cannot or do not intend to take, call consumers at work if they know it is inconvenient or not permitted by the employer or call consumers at other times they know to be inconvenient to the consumer, such as before 8:00 a.m. or after 9:00 p.m.

According to the FTC's complaint detailing the charges, NFS's collectors, on numerous occasions:

- called consumers at work when they knew the consumers' employers prohibited such calls;

- talked with third parties, including neighbors, children and employers, for purposes other than acquiring location information about consumers, without consumers' consent;

- used obscene or profane language;

- caused the telephone to ring, or engaged a person in telephone conversations, repeatedly or continuously, with the intent to annoy, abuse or harass a consumer;

- falsely implied that failure to pay the debt could result in arrest, imprisonment, or garnishment of wages;

- threatened to take action -- such as filing a lawsuit -- when they did not intend to do so; and

- called consumers at times or places that they knew or should have known were

inconvenient.

The proposed consent decree to settle the allegations, in addition to requiring the $20,000 civil penalty, would prohibit the company from violating any provisions of the FDCPA in the future. Further, when attempting to collect delinquent accounts, NFS must include the following disclosure in all written correspondence with consumers concerning the delinquent accounts:

> *Collection agencies must comply with a federal law that provides you with certain rights, including the right to have us stop communicating with you, if you make the request* in writing. *This law is administered by the Federal Trade Commission, One Bowling Green, Third Floor, New York, NY 10004.*

The proposed settlement would also require NFS to provide a notice to each of its present and future employees who are responsible for debt collection and to obtain a signed statement acknowledging receipt of the notice. The notice would state:

> *Debt collectors must comply with the federal Fair Debt Collection Practices Act, which limits our activities in trying to collect money from consumers. Most importantly, Section 806 of the Act prohibits you from harassing, oppressing, or abusing a person, including, but not limited to, using obscene or profane language. In addition, Section 807 of the Act prohibits you from using false, deceptive or misleading representations. Individual debt collectors may be financially liable for their violations of the Act.*

Finally, the consent decree contains a number of reporting and record keeping requirements that will assist the FTC in monitoring compliance with the terms of the settlement.

The complaint and proposed settlement was filed at the FTC's request by the Department of Justice in U.S. District Court for the Eastern District of New York, in Brooklyn, on December 1, 1999. The Commission vote to refer the complaint and proposed settlement to DOJ for filing was 4-0.

---

**NOTE:** This consent decree is for settlement purposes only and does not constitute an admission by the defendant of a law violation. Consent decrees are subject to the court's approval and have the force of law when signed by the judge.

**Copies** of the complaint and the consent decree are available from the FTC's web site at *http://www.ftc.gov* and also from the FTC's Consumer Response Center, Room 130, 600 Pennsylvania Avenue, N.W., Washington, D.C. 20580; 877-FTC-HELP (877-382-4357); TDD for the hearing impaired 1-866-653-4261. To find out the latest news as it is announced, call the FTC NewsPhone recording at 202-326-2710.

**MEDIA CONTACT:**
Howard Shapiro
*Office of Public Affairs*
202-326-2176

**STAFF CONTACT:**
Robin E. Eichen

*Northeast Region*
One Bowling Green, Suite 318
New York, New York 10004
212-607-2803

(Civil Action No. CV-99-7874)
(FTC File No. 982 3130)

(natfinsys)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

## Civil Cover Sheet

**03C 9155**

JUDGE RONALD GUZMAN
MAGISTRATE JUDGE
GERALDINE SOAT BROWN

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s):** MARY MCGLUN

County of Residence: COOK

Plaintiff's Atty: LANGONE LAW FIRM
25 E. WASHINGTON, SUITE 1805
CHICAGO, IL 60602
312-782-2000

**Defendant(s):** NATIONAL FINANCIAL SYSTEMS, INC., JOHN BOOK, RAY BERG, SHAWN COLLINS, CITIBANK SERVICE CORPORATION d/b/a CITI CARDS, and J. WALTER

County of Residence:

Defendant's Atty:

FILED-ED4
03 DEC 18 PM 4:53

DOCKETED
DEC 22 2003

II. Basis of Jurisdiction:    3. Federal Question (U.S. not a party)

III. Citizenship of Principal
Parties (Diversity Cases Only)
    Plaintiff: - N/A
    Defendant: - N/A

IV. Origin :    1. Original Proceeding

V. Nature of Suit:    890 Other Statutory Actions

VI. Cause of Action:    FAIR DEBT COLLECTION PRACTICES ACT

VII. Requested in Complaint
    Class Action: No
    Dollar Demand:
    Jury Demand: Yes

VIII. This case IS NOT a refiling of a previously dismissed case.

Signature:
Date: 12/18/03

http://www.ilnd.uscourts.gov/PUBLIC/Forms/auto_js44.cfm                          12/18/2003

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In the Matter of

MARY MCGLUN
V.
NATIONAL FINANCIAL SYSTEMS, INC., JOHN BOOK, RAY BERG, SHAWN COLLINS, CITIBANK SERVICE CORPORATION d/b/a CITI CARDS, and J. WALTER

JUDGE RONALD GUZMAN
MAGISTRATE JUDGE
GERALDINE SOAT BROWN

Case Number: 03C 9155

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

PLAINTIFF

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: CHRISTOPHER LANGONE | NAME: CRAIG FRISCH |
| FIRM: LANGONE LAW FIRM | FIRM: LANGONE LAW FIRM |
| STREET ADDRESS: 25 E. WASHINGTON, SUITE 1805 | STREET ADDRESS: 25 E. WASHINGTON, SUITE 1805 |
| CITY/STATE/ZIP: CHICAGO, IL 60602 | CITY/STATE/ZIP: CHICAGO, IL 60602 |
| TELEPHONE NUMBER: 312-782-2000 / FAX NUMBER: 312-782-2022 | TELEPHONE NUMBER: 312-782-2000 / FAX NUMBER: 312-782-2022 |
| E-MAIL ADDRESS: CLANGONE@LANGONELAW.COM | E-MAIL ADDRESS: CFRISCH@LANGONELAW.COM |
| IDENTIFICATION NUMBER: 6211105 | IDENTIFICATION NUMBER: 6274957 |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☑ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☑ NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |
| **(C)** | **(D)** |
| SIGNATURE | SIGNATURE |
| NAME: JEFFREY NAFFZIGER | NAME: |
| FIRM: LANGONE LAW FIRM | FIRM: |
| STREET ADDRESS: 25 E. WASHINGTON, SUITE 1805 | STREET ADDRESS: DEC 22 2003 |
| CITY/STATE/ZIP: CHICAGO, IL 60602 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: 312-782-2000 / FAX NUMBER: 312-782-2022 | TELEPHONE NUMBER: / FAX NUMBER: |
| E-MAIL ADDRESS: JNAFFZIGER@LANGONELAW.COM | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER: 6275581 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |